# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE STOUGHTON f/k/a LESLIE FULTS, ) | | FILED: MARCH 10, 2009 |
| ) | | 09CV1524 |
| Plaintiff, ) | No. | JUDGE KENNELLY |
| ) | | MAGISTRATE JUDGE ASHMAN |
| v. ) | | CH |
| ) | | |
| SCOTT LOWERY LAW OFFICE, P.C. d/b/a ) | | |
| P. SCOTT LOWERY, P.C., ) | | |
| ) | | |
| Defendant. ) | | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, LESLIE STOUGHTON f/k/a LESLIE FULTS ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., and for his Complaint against Defendant, SCOTT LOWERY LAW OFFICE, P.C. d/b/a P. SCOTT LOWERY, P.C. ("Defendant"), alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state tort claims alleged.

3. Defendant conducts business in the State of Illinois, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Chicago, Cook County, Illinois.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a law firm with an office located in Denver, Arapahoe County, Colorado.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant places calls from the following telephone number: 866-365-6185.

13. Defendant has been placing calls to Plaintiff for over one (1) year.

14. Defendant places two (2) to three (3) calls per day to Plaintiff. *See* Exhibit A.

15. In its first communication with Plaintiff, Defendant threatened to garnish Plaintiff's wages.

16. Defendant contacted Plaintiff at her place of employment, Chicago Board of Education.

17. Plaintiff informed Defendant to cease communications with her while at work

18. Plaintiff's former boss, Dr. Kathy Malatt ("Malatt"), also informed Defendant to cease attempting to communicate with Plaintiff while at work.

19. Despite Plaintiff's and Malatt's requests, Defendant continued attempting to contact Plaintiff while at work.

20. Defendant contacted Plaintiff and failed to properly identify itself as a debt collector and/or disclose that it was attempting to collect on a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(a)(3) of the FDCPA by contacting Plaintiff at her place of employment when Defendant knew and or had reason to know that Plaintiff's employer prohibits such calls because Defendant was informed by Plaintiff and Malatt.

    b. Defendant violated §1692c(b) of the FDCPA by communicating information regarding the alleged debt with third parties because Defendant communicated with Malatt.

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

    d. Defendant violated §1692d(6) of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of Defendant's identity because Defendant would fail to disclose it was attempting to collect on a debt.

    e. Defendant violated §1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages when it did not intend to garnish Plaintiff's wages because

        Defendant made said threat in the first communication with Plaintiff and has never taken such action.

    f.    Defendant violated §1692e(10) of the FDCPA by using false representations and deceptive means to attempt to collect a debt because Defendant threatened to garnish Plaintiff's wages and failed to properly disclose it was a debt collector and/or that it was attempting to collect on a debt.

    g.    Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications with Plaintiff that it was a debt collector and/or that it was attempting to collect on a debt.

22.    As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress. *See* Exhibit B.

**WHEREFORE,** Plaintiff, LESLIE STOUGHTON f/k/a LESLIE FULTS, respectfully requests judgment be entered against Defendant, PROTOCOL RECOVERY SERVICE, for the following:

    a)    Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;
    b)    Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;
    c)    Actual damages;
    d)    Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and
    e)    Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Adam J. Krohn
Adam J. Krohn
KROHN & MOSS, LTD.
Attorneys for Plaintiff
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
(312) 578-9428

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LESLIE STOUGHTON f/k/a LESLIE FULTS, demands a jury trial in this case.

## VERIFICATION OF FIRST AMENDED COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )

Plaintiff, LESLIE STOUGHTON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil First Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil First Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil First Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the First Amended Complaint.
5. I have filed this First Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this First Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LESLIE STOUGHTON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

2/17/09
Date

_Leslie Stoughton_
LESLIE STOUGHTON

# EXHIBIT A

Phone Call Log for February, 2009

2/3—6:11p.m.—Message (recorded message to contact the Scott Lowery Law Firm at 1-866-365-6815).

2/9—6:27p.m.-- Message (recorded message to contact the Scott Lowery Law Firm at 1-866-365-6815).

2/11—3:43p.m.-- Message (recorded message to contact the Scott Lowery Law Firm at 1-866-365-6815).

2/16—12:28p.m.—Message from Maura (she called all the time in previous months) stating her name, "Maura" calling from Scott Lowery Law Firm and to please call her back at 1-866-365-6185.

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — YES **NO**
9. Feelings of guilt, worthlessness, helplessness — YES **NO**
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — YES **NO**
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

* The anxiety caused by phone calls and the initial threat (to garnish wages) have caused some heart issues. I am pregnant and was referred to a cardiologist due to high heart rate (& anxiety) unrelated to the pregnancy.

* Also sought counseling services due to anxiety. Am unemployed as well. ~~lost job~~.

* Was a ~~total~~ embarrassment (constant calls at work place).

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/17/09

Signed Name: Leslie Stoughton

Printed Name: Leslie Stoughton